NO. 07-09-0093-CR
NO. 07-09-0094-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 8, 2009

_____

BENJAMIN DON BENSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NOS. 19,189-B & 19,190-B; HONORABLE JOHN BOARD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following two separate pleas of not guilty, Appellant, Benjamin Don Benson, was convicted by a jury in cause numbers 19,189-B and 19,190-B of aggravated sexual assault of a child, enhanced, and sentenced to seventy years and sixty years confinement, respectively. The trial court ordered the sentence in cause number 19,190-B to run consecutive to the

sentence in 19,189-B.  In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record and, in her opinion, the record reflects no potentially plausible basis to support an appeal.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous.  *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[2]  By letter, this Court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief, should he be so inclined.  *Id.* at 409 n.23.  Appellant did not file a response. The State responded by letter of its intent not to file a reply brief unless Appellant filed a pro se response.

By the *Anders* brief, counsel raises five arguable issues.  Counsel questions whether the State engaged in prosecutorial misconduct by (1) using Juror Buecker to bolster

_____

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2]Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review.  *In re Schulman*, at 408 n.22 & at 411 n.35.

2

unchallenged testimony regarding the credibility of the victim's testimony regarding delay in reporting the abuse and (2) by failing to instruct witnesses to avoid any reference to extraneous offenses. By issue three, counsel challenges the effectiveness of trial counsel in failing to object to certain matters. Counsel's fourth arguable issue raises abuse of discretion by the trial court in overruling Appellant's objection to testimony of Louise Wade concerning the sexual assault exam. By the fifth and final arguable issue, counsel alleges abuse of discretion in cumulation of Appellant's sentences. Counsel then candidly reviews each arguable issue and explains why no reversible error is presented.

We have reviewed counsel's arguments and we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgments are affirmed.

Patrick A. Pirtle
Justice

Do not publish.